UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACY LOREN WORKMAN,<br><br>                Petitioner,<br><br>vs.<br><br>JAY CHRISTENSEN, Warden (ISCC),<br><br>                Respondent. | Case No. 1:19-cv-470-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      Pending before the Court in this habeas corpus action is Petitioner Tracy Loren Workman's Petition for Writ of Habeas Corpus, challenging state convictions and sentences in Kootenai County Case No. CR-2014-2478. (Dkt. 2.) Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

      The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

Having reviewed the Petition, the Court concludes that Petitioner will be permitted to proceed in a limited manner.

## REVIEW OF PETITION

### 1. Background

Petitioner pleaded guilty to and was convicted of the crimes of trafficking in heroin, possession of methamphetamine, possession of morphine, possession of marijuana, and possession of drug paraphernalia in the First Judicial District Court of Kootenai County, Idaho. Judgment was entered on January 15, 2015. Petitioner was sentenced to various terms of incarceration on the different crimes, with the longest being five years fixed with eleven years indeterminate for the trafficking conviction. (Dkt. 2, pp. 1-2.)

Petitioner did not file a direct appeal action. Three years after conviction, on December 12, 2018, he filed a Rule 35 motion, challenging his sentence as illegal, because "the court relied on unconstitutional tainte PSI and lacked subject matter jurisdiction to request defendants decision when same court was waiting neuropsychological examination to see if he was fit to proceed—known on transcripts of sentencing." (*Id.*, p. 3 (verbatim).) Petitioner asserted that these errors violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (*Id.*)

The Idaho Court of Appeals affirmed Petitioner's sentences. The Idaho Supreme Court denied the petition for review. (*Id.*)

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

In his federal Petition, Petitioner brings the same or somewhat similar claims he asserted in his Rule 35 motion. Claim One is based on the Fourteenth Amendment and is couched as a "violation of due process and fundamental fairness." (*Id*., p. 6.) Claim Two is an ineffective assistance of trial counsel claim overlaid on the same set of facts. (*Id*., p. 7.) Claim Three is a Fifth Amendment claim that the sentencing court's use of the tainted PSI amounted to a "structural error" that "invalidated" his guilty plea. (*Id*., p. 8.) Claim Four asserts that each Idaho court "abused its authority" by failing to correct the errors asserted in the Petition. (*Id*., p. 9.)

**2. Exhaustion of State Court Remedies**

**A.** *Exhaustion Requirement*

A petitioner must "properly exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). That means "fairly presenting the claim" based on a federal theory to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has properly exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). If a claim has not been properly exhausted in the state court system, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

### B. *Claims One and Three*

The Idaho Court of Appeals noted that Petitioner's claims were beyond the scope of a Rule 35 motion. Hence, it reviewed only whether his sentence was illegal, that is, "whether the sentence impose[d] a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive." *State v. Workman*, No. 46759, 2019 WL 8129565, at *1 (Idaho Ct. App. Sept. 12, 2019). Rule 35 was not intended to be "a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal." (*Id*.) Accordingly, it appears that the Idaho Court of Appeals did not review the substance of Petitioner's constitutional claims, and, therefore, the claims likely are procedurally defaulted here for failure to use the proper

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

state procedures to bring his constitutional claims. The Court will need to review additional portions of the state court record to make that determination.

### C. *Claim Two*

Ineffective assistance of trial counsel claims generally are brought on state post-conviction review, but Petitioner did not file a post-conviction application in state court. It does not appear that this claim was raised in the state appellate courts at all. As a result, this claim also appears to be procedurally defaulted.

### 3. Non-Cognizable State-Law Issues

### A. *Required Federal Grounds for Habeas Corpus Claims*

Generally, generally federal habeas corpus relief is unavailable for alleged errors in interpretation and application of state law. *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994). Neither is habeas corpus the proper avenue to address errors in a state's post-conviction review process. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989).  In *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1981), the court explained:

> [I]nfirmities in the state's post conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction [citation omitted]. . . . There is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions. . . . Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings.  Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions.  Even where there may be some error in state post-conviction proceedings, this would

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

not entitle appellant to federal habeas corpus relief since [such a] claim . . . represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.

*Id*. at 143-44.

### D. *Claim Four*

Petitioner asserts that each state court that reviewed his claim "abused its authority" by failing to correct his sentence during Rule 35 proceedings. Abuse of authority or discretion—that the state courts did not use their available state court procedures to grant relief to Petitioner—generally is categorized as a state law claim that is not remediable on federal habeas corpus review. It does not appear that either Idaho appellate court reached the merits of any of Petitioner's federal constitutional claims; therefore, Petitioner has no claim that they actually decided a federal constitutional issue incorrectly. That they decided not to hear the fact-based claims on a review of the Rule 35 motion is a state procedural issue not subject to federal habeas corpus review. Accordingly, this claim is dismissed, and Respondent need not file a response to it.

### 4. Conclusion and Instructions regarding Exceptions to Procedural Default

The Court concludes that Claim Four fails to state a federal claim upon which relief can be granted, and it will be summarily dismissed at this time. The Court also preliminarily concludes that Petitioner did not present Claims One, Two, and Three in a procedurally proper manner to the Idaho Court of Appeals or Idaho Supreme Court. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

permitted to file an answer or a pre-answer motion for summary dismissal. The Court will entertain a motion from Respondent regarding procedural default, if the remainder of the record supports the Court's preliminary conclusion.

Even if a claim is procedurally defaulted, Petitioner may qualify for an exception that permits the Court to hear the merits of his claims: "cause and prejudice" or "actual innocence." The Court now explains those standards of law, which may or may not apply to Petitioner's claims, depending on the totality of the record—which is not before the Court at this time.

### A. *Traditional* **Coleman** *Cause*

Ordinarily, to show "cause" for a procedural default, a petitioner must prove that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). A defense attorney's errors that rise to the level of a violation of the Sixth Amendment right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. at 488. However, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, a petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

A petitioner does not have a federal constitutional right to effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a postconviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

### B.  Martinez *Cause*

A limited exception to the *Coleman* rule was created in *Martinez v. Ryan*, 566 U.S. 1 (2012)—that inadequate assistance of post-conviction review (PCR) counsel (or a lack of counsel) "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. To show ineffective assistance of PCR counsel, Petitioner must show that the defaulted ineffective assistance of trial counsel claims are "substantial," meaning that the claims have "some merit." *Id*. at 14. To show that each claim is substantial, Petitioner must show that trial counsel performed deficiently, resulting in prejudice, defined as a reasonable probability of a different outcome at trial. *Id*.; *see Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

The *Martinez v. Ryan* exception applies only to defaulted claims of ineffective assistance of trial counsel; it has not been extended to other types of claims. *See Davila v. Davis*, 137 S. Ct. 2058 (2017) (holding that *Martinez* is not applicable to claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (holding that *Martinez* is not applicable to a defaulted *Brady* claim).

### C. *Prejudice*

A petitioner must show both cause *and* prejudice to excuse a procedural default. To show "prejudice," a petitioner must demonstrate "not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### D. *Actual Innocence*

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, the Court can hear the merits of the claim if he meets the "fundamental miscarriage of justice" exception. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Carrier*, 477 U.S. at 496.

Actual innocence must be premised on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 64, 623 (1998). Petitioner must support his allegations of constitutional error with new reliable evidence that was not presented at

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

trial, *Schlup v. Delo*, 513 U.S. 298 (1995). For example, types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence, *see Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

The petitioner bears the burden of demonstrating that "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327; *see also House v. Bell*, 547 U.S. 518, 539 (2006). The standard is demanding and permits review only in the "extraordinary" case. *Schlup*, 513 U.S. at 327.

Where the defendant pleaded guilty and did not have the evidence in his case evaluated by a jury, the petitioner must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup*, 513 U.S. at 327; *Jaramillo v. Stewart*, 340 F.3d 877 (9th Cir. 2003.) The United States Supreme Court has observed:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Petition and attachments (Dkts. 2 through 2-15), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Petitioner's request for appointment of counsel, contained in the Petition, is DENIED without prejudice. Should an evidentiary hearing be required, or other extraordinary circumstances exist to require appointment of counsel, the Court will reconsider its ruling.

3. Petitioner's Motion to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

4. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first will determine the claims that were adjudicated on

the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

5. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 12**

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 13**

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: May 18, 2020

B. Lynn Winmill
U.S. District Court Judge